# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ANTHONY CORDOVA,

    Petitioner,

v.                                                                        No. 2:22-cv-00479-JB-JHR
                                                                     Re: No. 2:16-cr-01613-JB-JHR-11

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING MOTION FOR DISCOVERY

**THIS MATTER** is before the Court on *pro se* Petitioner Anthony Cordova's Motion for Transcripts, [Doc. 13] ("the Motion"). Cordova requests four items: (1) "Grand Jury Minutes" related to the original and superseding indictments from his criminal case; (2) "Police Report of Detective Covington and Maestas"; (3) the "Plea Agreement of Mario M. and Chris Garcia" and (4) copies of the redacted original and superseding indictments from his criminal case.[1] [Doc. 13, p. 1]. He cites Federal Rule of Criminal Procedure 16(a)(1)(A) as authority and states "I have No Discovery for my Argument of 2255." [Doc. 13, p. 1]. The matter has been referred to the undersigned United States Magistrate Judge by presiding United States District Judge James O. Browning and is within my power to resolve. [Doc. 3]; *see* R. Governing Sec. 2255 Proceedings 10.

Cordova's request is denied for two reasons. First, he has not shown good cause for discovery. Judges handling petitions under 28 U.S.C. § 2255 may, for good cause, authorize parties to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure.

---

[1] Though the Court does not permit discovery at this time, the redacted versions of the original and superseding indictments in Cordova's criminal case are public records. *See United States v. Baca et al.*, case no. 2:16-cr-01613-JB-JHR-11, [Docs. 2, 372] (D.N.M.). Cordova may thus request copies of them by the usual means. Instructions to request copies of case records are available at https://nmd.uscourts.gov/records.

1

R. Governing Sec. 2255 Proceedings 6(a).  A petitioner establishes good cause by stating "specific allegations" which give "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief."  *See Simpson v. Carpenter*, 912 F.3d 542, 576 (10th Cir. 2018) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).  Cordova's Motion does not state any allegations about his case and thus does not show good cause for discovery.  *See* [Doc. 13, p. 1].  Good cause is not evident in his petition, either.  In the original petition, Cordova argues that his indictment was constructively amended at trial.  [Doc. 1, p. 4].  On its face, this argument requires the Court only to compare the indictments to the trial record, both of which are available without discovery.  *See* Case no. 2:16-cr-01613-JB-JHR, [Docs. 2, 372, 1168–1176].  Cordova's supplement to the original petition argues that his conviction was not a "crime of violence" under 18 U.S.C. § 924(c).  [Doc. 7, p. 6].  This is a purely legal argument which requires the Court to construe statutory language and compare it to the record of Cordova's criminal case, all of which are is available without discovery.  Neither Cordova's petition nor his Motion show good cause for discovery, so it will not be granted.

Second, Cordova states no reasons for his requests.  "A party requesting discovery must provide reasons for the request."  R. Governing Sec. 2255 Proceedings 6(b).  Cordova states only that he has "No Discovery[.]"  *See* [Doc. 13, p. 1].  Lack of discovery is not a reason, on its own, to permit discovery.  The Motion is thus denied for this as well.

The undersigned makes no decision on whether the facts in Cordova's proposed amended petition, [Doc. 14], show good cause for discovery.  Whether Cordova may amend his petition with the new allegations has not been decided, so it would be premature to grant or deny discovery based on it.

The denial is without prejudice.  Cordova may thus file a new motion seeking leave to conduct discovery if he believes it is necessary for his case.  Such a motion must state (1) good cause for conducting discovery, (2) reasons for requesting discovery, (3) any proposed interrogatories and requests for admission, and (4) a list of any specific documents sought.  *See* R. Governing Sec. 2255 Proceedings 6(a), (b).

Petitioner Anthony Cordova's Motion for Transcripts, [Doc. 13], is thus **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge