IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY CORDOVA,

    Petitioner,

v.                                                                    No. 2:22-cv-00479-JB-JHR
                                                                    Re: No. 2:16-cr-01613-JB-JHR

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER DENYING, WITHOUT PREJUDICE,
PETITIONER'S MOTION TO EXTEND**

THIS MATTER is before the Court on Petitioner Anthony Cordova's "Second Amended Motion [for] Extention [*sic*] of Time Pleadings in 2255," [Doc. 19] ("the Motion to Extend"). For the reasons stated below, the Motion to Extend is denied without prejudice.

This case began when Petitioner Anthony Cordova filed a motion to vacate his conviction and criminal sentence pursuant to 28 U.S.C. § 2255 in June 2022.[1] *See* [Doc. 1] ("the Original Petition"). The government responded in opposition in May 2023. [Doc. 9]. Cordova then asked for an extension on his deadline to reply, which the Court granted. [Docs. 10, 11].[2] Cordova filed another motion for an extension in June and an amended motion to vacate in July. [Doc. 12]; [Doc. 14] ("the Amended Petition"). The Amended Petition was substantially different from the Original and was filed without leave of Court, so the Court ordered the government to either move to strike the Amended Petition or to respond to it and thereby consent

---

[1] In July 2018, Cordova was found guilty of Violent Crimes in Aid of Racketeering, 18 U.S.C. § 1959(a)(1), and Causing Death Through Use or Possession of a Firearm, 18 U.S.C § 924(j)(1). *See United States of America v. Cordova*, 2:16-cr-01613-JB, [Doc. 890]. This Court sentenced Cordova to imprisonment for life in September 2019 and entered judgment against him in March 2020. *See id.* at [Doc. 1123], [Doc. 1206, p. 3].

[2] Documents 11 and 15 are text-only entries viewable on the Court's Case Management/Electronic Case Files ("CM/ECF") system.

to Cordova's amendments.  *See* [Doc. 15].  The Court also terminated the second motion for an extension because Cordova now sought amendment of the Original Petition rather than to defend his original claims.  *Id.*  The government moved to strike the Amended Petition in November. [Doc. 16] ("Motion to Strike").  In December, Cordova filed a document asking that his Amended Petition be granted but not meaningfully responding to the Motion to Strike.  *See* [Doc. 17].

On April 8, 2024, Cordova filed the present Motion to Extend.  [Doc. 19].  In it, Cordova asks the Court for an "extention [*sic*] of time on 2255 pleadings."  *Id.* at 1. [Doc. 19, p. 1].  The Court construes the request to be for an extension on the deadline for Cordova to respond to the government's Motion to Strike.  *See Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally").  Cordova says he has been subject to a "FACILITY lock down, as of May 22nd, 2023 [and] I had NO access to Law Library or Legal assistance to help prepare my 2255 motion being a due process violation."  [Doc. 19, p. 1]. Cordova also asks for "Legal Assistance and an Evidential [*sic*] Hearing[.]"  *Id.*  The government did not respond.

Generally, responses to motions are due within 14 days of service, plus three days for service by mail.  D.N.M.LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d).  The Court can, for good cause, extend the time to respond "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Whether to grant a motion to extend is within the discretion of the Court.  *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ("We review the denial of an extension of time for an abuse of discretion").

Cordova's Motion to Extend does not show good cause for an extension and is thus denied.  His stated reason for needing an extension is that his prison facility has been on

2

lockdown since May 2023. [Doc. 19, p. 1]. This assertion is supported only by citations to other documents where Cordova said the same thing. *Id.* But unverified statements in pleadings are not evidence. *See Williams v. McCallin*, 439 F. App'x 707, 710 (10th Cir. 2011) (holding that "the unverified complaint is not evidence" which could support a response to a motion for summary judgment). Further, his statement is contradicted by the Amended Petition, which was filed in July 2023 and contains 11 pages of briefing with numerous legal citations. *See generally* [Doc. 14]. Even assuming Cordova intended to say that his prison has been locked down since the government filed the Motion to Strike, it is hard to believe that there has been a continuous lockdown since November 2023 during which Cordova has had no access to the law library. Without evidence to support his claim, the Court does not see good cause to grant the extension.

That said, in fairness to Cordova, the Court will exercise discretion and give him another chance. No later than **21 days** from service of this Order, Cordova may file a new motion for an extension on the deadline to respond to the government's Motion to Strike. The new motion to extend shall state good cause for Cordova's failure to timely respond to the Motion to Strike and he shall attach evidence supporting his reasons for needing an extension. Cordova shall also attach a brief responding to the government's Motion to Strike. If the Court finds good cause for Cordova's delay in filing a response, the attached response shall be considered and the government will be invited to reply. If the Court does not find good cause, the new motion to extend will be denied and the Court will decide the Motion to Strike based on the documents already filed.

The Court also declines, for now, to appoint counsel or hold an evidentiary hearing. Generally, counsel is appointed to a petitioner if an evidentiary hearing is warranted, and evidentiary hearings are held only after the Court decides not to dismiss the petition. *See* R.

Governing Section 2255 Cases 8(a), (c). The Court has not determined which petition it will consider, let alone whether to dismiss Cordova's petition, so both evidentiary hearings and appointment of counsel are premature. If the Court decides not to dismiss Cordova's operative petition (whichever petition that turns out to be), the Court will revisit these issues.

Based on the discussion above, the Court orders Petitioner Anthony Cordova to file a new motion to extend, with evidence supporting the motion and a brief responding to the Motion to Strike, no later than **21 days**[3] from service of this Order; and denies, without prejudice, all relief requested in Petitioner Anthony Cordova's Motion to Extend, [Doc. 19].

**IT IS SO ORDERED.**

                                                        Hon. Jerry H. Ritter
                                                       United States Magistrate Judge

---

[3] Per Rule 6(d), three additional days will be added to account for mailing time.