IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY CORDOVA,

    Petitioner,

v.                                                     No. 2:22-cv-00479-JB-JHR
                                                    Re: No. 2:16-cr-01613-JB-JHR

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
IN FAVOR OF GRANTING THE MOTION TO STRIKE**

THIS MATTER is before the Court on Respondent United States' Motion to Strike Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255, [Doc. 16] ("the Motion"). Petitioner Cordova responded in opposition, completing briefing. *See* [Doc. 17]. Presiding District Judge James O. Browning referred this case to me to perform any legal analysis necessary to recommend an ultimate disposition in this case. [Doc. 3]. For the reasons stated below, I recommend granting the Motion.

I.    **PROCEDURAL BACKGROUND**

In 2018, a jury convicted Petitioner Anthony Cordova of Violent Crimes in Aid of Racketeering under 18 U.S.C. § 1959(a)(1) and Causing Death Through Use or Possession of a Firearm under 18 U.S.C. § 924(j)(1). *United States of America v. Cordova*, 2:16-cr-01613-JB-JHR-11 ("the Criminal Case"), [Doc. 890]. Both convictions were based on Cordova's participation in the murder of S.D. on orders from el Syndicato Nuevo Mexico, an infamous gang in the State of New Mexico. *See* Criminal Case, [Doc. 372, pp. 1–2, 22–23]. This Court entered judgment against Cordova in March 2020. Criminal Case, [Doc. 1206]. Cordova directly appealed, and on February 10, 2022, the Court of Appeals for the Tenth Circuit affirmed

1

the judgment. Criminal Case, [Docs. 1124, 1637]. Cordova did not appeal to the Supreme Court of the United States and the Tenth Circuit's mandate issued on March 4, 2022. Criminal Case, [Doc. 1637].

In June 2022, Cordova filed a motion to vacate his conviction and criminal sentence under 28 U.S.C. § 2255. *See* [Doc. 1] ("the Original Petition"). The government responded in opposition in May 2023. [Doc. 9]. Cordova then filed motions for extensions on his time to reply, [Docs. 10, 12], and a motion to get copies of transcripts of his criminal proceedings, [Doc. 13], all of which have been addressed. *See* [Docs. 11, 15, 18].[1] In July 2023, Cordova filed an amended motion to vacate. [Doc. 14] ("the Amended Petition"). The Amended Petition was substantially different from the Original and was filed without leave of Court, so the Court ordered the government to either move to strike the Amended Petition or to respond to it and thereby consent to Cordova's amendments. *See* [Doc. 15].

The government filed the present Motion to Strike. *See* [Doc. 16]. In it, they argue the Amended Petition should be stricken because it is untimely. *See id.* 6–7. For the amendments to be proper, Cordova needs leave of court and the amendments must relate back to the filing date of the Original Petition, but Cordova did not seek leave and his amendments "rely on a new and distinct aggregation of facts from those set out in his original § 2255 motion," so relation back under Rule 15(c) is not possible. *Id.* at 6. Cordova's response does not address these arguments. *See generally* [Doc. 17].

II.     **DISCUSSION**

The government is correct. Motions to vacate under section 2255 generally have a one-year statute of limitations which runs from one of four events. *See* 28 U.S.C. § 2255(f). After

---

[1] Documents 11 and 15 are text-only entries viewable on the Court's Case Management/Electronic Case Files ("CM/ECF") system.

the government responds, amendments to the original pleading must be made within the statute of limitations unless they relate back to an original, timely pleading.  *See* Fed. R. Civ. P. 15(a), (c); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying Rule 15(c)'s relation-back rules to a federal habeas petition).  Cordova does not claim any of the events listed in sections 2255(f)(2–4), so the triggering event for his habeas deadline was "the date on which the judgment of conviction [became] final[.]"  *See* 28 U.S.C. § 2255(f)(1).  If a federal criminal defendant loses on his direct appeal and does not appeal to the Supreme Court, his conviction becomes final when his time expires for filing a petition for a writ of certiorari.  *United States v. Burch*, 202 F.3d 1274, 1279 (2000).  Cordova's deadline to seek certiorari was 90 days after the Tenth Circuit entered judgment on February 10, 2022, so his judgment of conviction became final on or about May 12, 2022.  *See* Sup. Ct. R. 13(1), (3).  His deadline to file a 2255 petition was then on or about May 12, 2023.  The Amended Petition, filed in July 2023, is therefore untimely unless it relates back to the Original Petition.

    The relation-back doctrine is narrow for federal habeas petitions.  Federal habeas pleadings must "specify all the grounds for relief available to the moving party" and "state facts supporting each ground[.]"  Rules Governing Section 2255 Proceedings for the United States District Courts, Rules 2(b)(1), (2).  "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B).  The stringent pleading requirements for habeas petitions inform the application of Rule 15(c) to such petitions.  *See Mayle*, 545 U.S. at 661 (discussing the relationship between habeas pleading requirements and the relation-back doctrine).  A claim added to a petition by amendment will arise from "the conduct, transaction, or

occurrence set out . . . in the original pleading" only when the claim arises "from the same core facts as the timely filed claims, and not when new claims depend upon events separate in both time and type from the originally raised episodes." *Id.* at 657 (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 503–05 (10th Cir. 2000); *Davenport v. United States*, 217 F.3d 1341, 1344–46 (11th Cir. 2000); *United States v. Pittman*, 209 F.3d 314, 317–18 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)). Whether a claim added by amendment satisfies this standard "will often turn on whether the newly asserted claim would have had to be pleaded as a discrete claim under Section 2255 Rule 2(b) if it was set out in the original § 2255 motion." *United States v. Roe*, 913 F.3d 1285, 1298 (10th Cir. 2019).

Cordova's Original Petition and the Amended Petition differ greatly. Cordova's Original Petition argues that the government constructively amended his indictment at trial and his lawyers were ineffective for failing to object. *See* [Doc. 1, p. 4]. He alleges three constructive amendments: (1) the indictment charged Cordova and co-defendant Garcia for the murder of S.D., but the theory at trial was that Cordova and co-defendant Montoya committed the act and Garcia merely paid them; (2) the indictment alleged Garcia and Cordova made a murder-for-hire agreement, but at trial, the theory was that Garcia and Montoya made that agreement while Cordova "was later included in the murder somehow"; and (3) the indictment alleged the murder was "for consideration of a[n] agreement to pay for anything of pecuniary value," but the government proved Montoya merely agreed to the murder "to pay off a[n] old 'debt.'" *Id.* The Amended Petition restates these claims. *See* [Doc. 14, pp. 4–7]. Then, Cordova asserts several new ineffective assistance claims:

1) Counsel "refused to develop a defense strategy on [Cordova's] behalf by keeping his silence and not knowing his where abouts in 2005." *Id.* at 15.

4

2) Counsel did not "seek brady evidence of two witnesses for defense." *Id.* (referring to *Brady v. Maryland*, 373 U.S. 83 (1963)).
3) Attorney Marcia Morrissey should have been conflicted out of representing Cordova because of her relationship with another attorney on the case. [Doc. 14, p. 15].
4) Attorney Greg Acton should have been conflicted out because he currently represents another co-defendant. *Id.*
5) Counsel was ineffective "for refusing to call defense witness Ray Arquerro[.]" *Id.*
6) Counsel was ineffective and violated Cordova's due process rights "by refusing to provide [Cordova] with his case FILE[.]" *Id.* at 16.
7) Counsel was ineffective for not objecting to or investigating witness "Mario Montoya while M. Montoya was on the witness protection program[.]" *Id.*

Finally, Cordova adds a wholly distinct new argument: his conviction for Violent Crimes in Aid of Racketeering under 18 U.S.C. § 1959(a)(1) was invalid because the statute requires an underlying "crime of violence," and his Causing Death Through Use or Possession of a Firearm was not a "crime of violence." *Id.* at 16–18.

      Cordova's new claims do not relate back to the Original Petition and are thus untimely. Cordova's original claims are based on specific failures to object during trial as the government's case was presented. *See* [Doc. 1, p. 4]. The new claims, however, span other times, events, and subjects. New claims (1) and (2) are based on trial counsel's vague failure to develop theories or seek evidence before trial. *See* [Doc. 14, p. 15]. New claims (3) and (4) are based on alleged conflicts of interest which Cordova claims he knew about before trial but did not include in his Original Petition. *See id.* New claims (5) and (7) assert failures to call or object to specific witnesses at trial, neither of which are clearly connected to Cordova's indictment amendment theories. *See id.* at 15–16. New claim (6) is completely divorced from those theories, too, asserting he should have been given certain information during or after his trial. *See id.* at 16. And, finally, Cordova's "crime of violence" theory is completely different from anything raised in the Original Petition. *See id.* at 16–18. In essence, every new claim in the Amended Petition "would have had to be pleaded as a discrete claim under Section 2255 Rule 2(b) if it was set out

in the original § 2255 motion." *See Roe*, 913 F.3d at 1296. Cordova's amendments do not relate back because they do not arise from "the same core facts as the timely filed claims" and are thus untimely. *See Mayle*, 545 U.S. at 657.

Additionally, Cordova did not seek leave to amend. Amendment of pleadings is permitted only with consent of the other side or leave of court. Fed. R. Civ. P. 15(a)(2). District courts generally have discretion to deny amendment when the movant does not file a motion to amend. *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (affirming a district court's denial of amendment because, among other reasons, the plaintiff "did not file a written motion for leave to amend"). The requirement to seek leave is not trivial. A formal motion lets the amending party explain why proposed amendments were not added before and why their late addition will not unfairly prejudice the other side. This is especially important in federal habeas proceedings, where the petitioner must "specify all the grounds for relief" in the original pleading and in which the government answers only after preliminary review and an order of the court. Rules Governing Section 2255 Proceedings for the United States District Courts, Rules 2(b)(1), 4(b), 5(a). By amending after an answer is filed, petitioners could side-step the preliminary review process and force the government to respond to claims which may not have survived it. This would subvert the rules entirely. Petitioners ought to at least explain why they should be allowed to amend, and Cordova did not.

### III.  CONCLUSION

The undersigned United States Magistrate Judge **recommends** that the United States' Motion to Strike Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255, [Doc. 16], be **granted** and Cordova's Amended Motion to Vacate under 28 U.S.C. § 2255, [Doc. 14], be **stricken.** Further, noting the numerous motions for extensions which have been considered and

rejected, no further extensions will be given for Cordova to reply to the government's response to his Original Petition. Rather, I will recommend a resolution of the original Motion to Vacate under 28 U.S.C. § 2255, [Doc. 1], and the government's Response, [Doc. 9], based solely on the issues raised and briefed in those documents.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**